IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| TERI (WOLFE) MCCAMMON | ) | | |
| and | ) | | |
| COREY S. MCCAMMON | ) | | |
| 8 NE 83rd Terrace | ) | | |
| Kansas City, MO 64118 | ) | | |
| | ) | | |
| *Plaintiffs,* | ) | | |
| v. | ) | Case No. | 06-2242-JWL |
| | ) | Division: | |
| BIBLER, NEWMAN & REYNOLDS, P.A. | ) | | |
| and | ) | | |
| BILLY E. NEWMAN | ) | | |
| and | ) | | |
| JOHN DOE, AGENT of Bibler, Newman | ) | | |
| & Reynolds, P.A. | ) | | |
| and | ) | | |
| JANE DOE, AGENT of Bibler, Newman | ) | | |
| & Reynolds, P.A. | ) | | |
| 525 SE 37th Street, Ste. B | ) | | |
| Topeka, KS 66605-2875 | ) | | |
| | ) | | |
| *Debt Collector(s)/Defendant(s),* | ) | | |
| and | ) | | |
| | ) | | |
| DYNAMIC RECOVERY SERVICES, INC. | ) | | |
| 2775 Villa Creek, Ste. 290 | ) | | |
| Farmers Branch, TX 75234-7432 | ) | | |
| | ) | | |
| *Debt Collector(s)/Defendant(s).* | ) | | |

<u>COMPLAINT</u>

COME NOW Plaintiffs, by and through the counsel of the Law Offices of James A.

Kessinger, and for their claims against the above listed Defendant(s), debt collector(s), and

Plaintiffs state and allege as follows:

1.    Plaintiff Terri McCammon is a "consumer", within the definitions of <u>15 U.S.C. § 1692</u>

<u>(c)</u>, who was obligated, or allegedly obligated, to pay a debt to ATMOS Energy Corp.,

1

d/b/a Greeley Gas Co., ("Creditor").  Plaintiff Terri McCammon is an individual and a resident of the State of Missouri, in the County of Clay, and may be served with all notices through her attorneys of record, ascribed herein.

2.    Plaintiff Corey McCammon is a consumer and co-credit applicant of Plaintiff Terri McCammon whose credit has been adversely affected by those actions of Defendant(s) against Plaintiff Terri McCammon as set out in more detail herein.  Plaintiff Corey McCammon is an individual and a resident of the State of Missouri, in the County of Clay, and may be served with all notices through his attorneys of record, ascribed herein.

3.    Defendant Bibler, Newman & Reynolds, P.A., (hereinafter "Law Firm") is a "debt collector", pursuant to 15 U.S.C. §1692 (a)(6) (note: deleted section (F)).  Defendant is a resident of the State of Kansas and is registered to do business in the State of Kansas. Defendant may be served at the above captioned address, and on information and belief, Defendant's principal place of business is located in Topeka, Kansas.  At all times relevant to the allegations and complaints contained herein, Defendant, in filing suit in the District Court of Johnson County, Kansas, did avail itself of the laws and protections of the State of Kansas, County of Johnson creating such significant contacts with the State of Kansas, County of Johnson as to subject itself to the jurisdiction and venue of this Court.

4.    Defendant Billy E. Newman is an attorney in the state of Kansas.  Defendant Newman is an individual and the authorized agent of Defendant Law Firm.  Defendant(s) Jane Doe and/or John Doe is/are and individual and agent(s) of Defendant Law Firm, who may be served at the above captioned address.

5.    Defendant Dynamic Recovery Services, Inc. is a Texas corporation, and "debt collector,"

pursuant to 15 U.S.C. §1692 (a)(6).  Defendant may be served at the above captioned address, and on information and belief, Defendant's principal place of business is located in Farmers Branch, Texas.

6.    A substantial portion of the acts of Defendant(s), complained of herein, did occur in the judicial district for the United States District Court for the District of Kansas, at Kansas City, and concern utility bills for real property located within the jurisdiction of this Court.

7.    Jurisdiction and venue are proper before this Court. 15 U.S.C. §§1332 and 1391.

8.    Sometime prior to January 31, 2005, Plaintiff Teri (Wolfe) McCammon incurred certain utility bills with Creditor Atmos Energy while living at 15752 S. Central, Olathe, KS 66062 in the State of Kansas, County of Johnson.

9.    On or about January 31, 2005, Defendant Newman, acting in his individual capacity and as the authorized agent of Defendant Law Firm, filed suit against Plaintiff on behalf of Creditor Atmos Energy, in the District Court of Johnson County, Kansas.

10.   On or about February 25, 2005, Plaintiff Teri McCammon was served with the above referenced suit, and she appeared personally to answer the court's call on or about March 31, 2005, and denied the allegations of Creditor Atmos Energy.

11.   On or about that same March 31, 2005, immediately after the Court's call, Plaintiff McCammon spoke with the authorized agent of Defendant Newman and Defendant Law Firm.  The agent for Defendant Newman and Defendant Law Firm represented that these Defendants would investigate their claims and would convey the results of their investigation to Plaintiff.

12.   On or about July 22, 2005, Defendant Dynamic Recovery contacted Plaintiff Teri

3

McCammon to offer Plaintiff settlement of Creditor's claims.  Defendant Dynamic stated

that the only means for Plaintiff to avoid judgment on Creditor's claims was for Plaintiff

to remit a $100 good faith payment by phone, that day; a $5 service payment by phone,

that day; and to submit the remaining balance of $698 within one week.

13.     Defendant Dynamic stated that these payments would satisfy the debt in full and would

avoid judgment and further collections against Plaintiff Teri McCammon.

14.     On or about the same July 22, 2005, Plaintiff relayed her account information to

Defendant Dynamic along with her authorization for Defendant Dynamic to remove the

requested $105 from her account.

15.     On or about July 25, 2005, Plaintiff remitted a check to Creditor Atmos Energy for

$698.69, pursuant to the agreement with Defendant Dynamic.

16.     On or about August 24, 2005, Defendant Law Firm and Defendant Newman submitted

Defendants' proposed judgment of default against Plaintiff for $798.69 plus interest and

costs for an alleged total of $968.53.

17.     On or about August 26, 2005, the District Court for Johnson County, Kansas approved

Defendant's proposed judgment against Plaintiff and on information and belief the same

was reported on Plaintiff's credit report.

18.     On information and belief, notice of the afore referenced default hearing and judgment

were not served upon Plaintiff, and Defendant Newman and Defendant Law Firm failed

to exert a reasonable effort to serve notice upon Plaintiff.

19.     On or about October 2005, as part of an effort to refinance Plaintiffs' home, Plaintiffs

discovered the reported default judgment.

20.     On or about October 3, 2005, Plaintiff contacted Defendant Law Firm, Defendant Billy

Newman and those other agents of Defendant named herein, concerning the judgment.

21.    On or about this same October 3, 2005, Defendant Law Firm, Defendant Billy Newman
       and those other agents of Defendant named herein, confirmed that payment was made to
       Defendant Dynamic, but Defendant Law Firm, Defendant Billy Newman and those other
       agents of Defendant named herein stated that they would not remove or correct the
       improperly filed judgment and that Plaintiff owed Defendants the sum of $279.87, the
       remaining balance on Defendants improperly filed judgment.

22.    At the time when these representations were made, Defendants knew that Defendants
       were not entitled to those sums being asserted by Defendants, pursuant to Defendants
       improperly filed judgment.

23.    On information and belief, attorney fees are not authorized by the contract for services
       between Creditor and Plaintiff.

24.    On or about the same October 3, 2005, Kristen, the agent for Defendant Law Firm who
       was handling Plaintiff's account with Defendant Law Firm, Defendant Billy Newman
       and those other agents of Defendant named herein, stated that Creditor Atmos was
       supposed to pull Plaintiff's debt from Defendant Dynamic, but failed to do so.
       Defendants' agent stated that this situation has caused problems for several clients in
       Defendants' past resulting in situations just like Plaintiff's.

25.    Prior to Defendant Law Firm, Defendant Billy Newman and those other agents of
       Defendant named herein filing their judgment, Defendants  knew or should have know of
       the inaccuracies of Defendants' submitted judgment, but Defendants have failed and/or
       refuse to remove the same.

26.    Likewise, after being contacted by Plaintiff, Defendant Law Firm, Defendant Billy

Newman and those other agents of Defendant named herein knew of the inaccuracy of their judgment and of the agreement entered into and completed in full satisfaction of said debt by Plaintiff, yet Defendants have failed and/or refuse to remove the same, without further payment from Plaintiff.

27.     As a direct and proximate cause of Defendant(s) improper reporting practices and acts, Plaintiff(s) credit rating has dropped, and Plaintiff has suffered actual, consequential and special damages.

28.     On or about October 31, 2005, Plaintiffs refinanced their $153,900 home.  On information and belief, Plaintiffs could not qualify for financing at the same rate as Plaintiffs would have qualified for prior to the August 2005 judgment, described herein, being reported on Plaintiffs' credit.  On information and belief, Plaintiffs' financing cost went up by no less than 3%.  This increase has caused Plaintiffs no less than, $120,762.79 [not accounting for present value] in additional interest.  Further, on information and belief, Plaintiffs damaged credit will cost Plaintiffs on most, if not all of Plaintiffs' purchases over the course of the next seven years.

29.     Plaintiffs have suffered other humiliation and emotional distress as a direct and proximate cause of the actions of Defendant(s) as set out more fully herein.

30.     Defendants knew of Defendants' errantly filed judgment at the time when Defendants attempted to collect on the same, and refused to remove the improper judgment, and Defendants refused to remove the same without payment, to which Defendants knew they were not entitled.

COUNT I
Violations of the Fair Debt Collection Practices Act
15 U.S.C. §1692

6

Against Defendants Law Firm, Newman, and John Doe and Jane Doe Agents

COME NOW Plaintiffs and for their claims against Defendants Bibler, Newman & Reynolds. PA, Billy Newman, and John Doe and Jane Doe Agents (referred to collectively and individually in this Count as "Defendant(s)" pursuant to 15 U.S.C. §1692, alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") by Defendant(s) and in support Plaintiffs state and allege as follows:

31.     Plaintiffs incorporate those statements and allegations contained in paragraphs 1 through 30 as if the same were set out more fully herein.

32.     As set out more fully herein and above, Defendant(s) named in this Count are "Debt Collector(s)" pursuant to 15 U.S.C. 1692(a)(6).

33.     As set out more fully herein and above, Plaintiff(s) are "Consumer(s)" pursuant to 15 U.S.C. 1692(a)(3).

34.     As set out more fully herein and above, this action concerns collection activity and "communication(s)," 15 U.S.C. 1692(a)(2) by Defendants directed at Plaintiff.

35.     As set out more fully herein and above, Defendant(s) used false, deceptive and misleading representations and means in connection with their collection activities and communications directed at Plaintiff, to wit:

   a.     Defendant(s) falsely represented to Plaintiff the character, amount and legal status of the debt owed by Plaintiff, §1692(e)(2)(A);

   b.     Defendant(s)' demand for additional payments, with knowledge that the debt had been satisfied, is a false representation to Plaintiffs concerning the services rendered and the compensation which may be lawfully received, §1692(e)(2)(B);

   c.     Defendant(s) continued pursuit of its judgment is a representation or implication

to Plaintiffs that Defendant(s) will exercise their alleged garnishment, attachment and sale rights, which on information and belief, Defendant(s) have no legal right or intention of exercising, §1692(e)(2)(B)(4);

d.    Likewise, Defendant(s) refusal to remove its action and Defendant(s)' continued assertion of its unlawful judgment is a threat on the part of Defendant(s) to take an action that cannot legally be taken or that is not intended to be taken, §1692(e)(2)(B)(5);

e.    Defendant(s) are aware that Defendant(s)' judgment is reported on Plaintiffs' credit reports, and Defendant(s) filing of Defendant(s)' judgment, when Defendant(s) knew or should have know of the satisfaction of the debt, as well as Defendant(s)' failure and refusal to remove the same, even after communicating to Plaintiff that Defendant(s) knew the judgment was satisfied, all constitutes a communication and threat to communicate, by Defendant(s), information which is known or should be known to be false, including Defendant(s)' failure to communicate that the debt is disputed, and remove Defendant(s)' judgment, §1692(e)(2)(B)(8);

f.    Defendant(s) use and continued assertion of Defendant(s)' judgment, as described herein, is a false representation and creates a false impression as to the authorization and approval of Defendant(s)' judgment by the Court, §1692(e)(2)(B)(9);

g.    The acts described herein and those other acts of Defendant(s) toward Plaintiffs in Defendant(s)' collection activities and communication to Plaintiffs all constitute the use of false representation(s) and deceptive means to collect or attempt to

collect the debt of Plaintiffs, §1692(e)(2)(B)(10).

36.   As set out more fully herein and above, the natural consequences of Defendant(s) actions in connection with collection of the debt described herein, served to oppress and abuse Plaintiffs by damaging Plaintiff(s)' reputation, §1692(d)(1).

37.   Defendant(s) unfair and unconscionable and continued assertion of Defendant(s)' unlawful judgment was not authorized by the agreement creating the debt or by law, §1692(f)(1).

38.   Defendant(s) knew of Defendants' errantly filed judgment at the time when Defendant(s) attempted to collect on the same from Plaintiff, and Defendant(s) refused to remove the same without payment, to which Defendant(s) knew they were not entitled.  Further, on information and belief, Defendant(s) have committed similar acts in the past and Defendant(s) persist in committing such unlawful acts.  Defendant(s)' actions were committed with such malice and willful intent that the Court should impose the maximum damages allowed by law, §1692(k).

39.   As a direct and proximate result of Defendant(s)' actions as described herein and above, Plaintiff has suffered actual damage of not less than $120,762.79;  Plaintiffs have suffered consequential damages in the nature of Plaintiffs' damaged credit, and Plaintiffs have suffered other special damages as set out herein and above.

40.   Plaintiffs have been forced to expend certain sums on reasonable attorney fees to bring the actions of Defendant(s) before this Court and Plaintiffs are entitled to an award of against Defendants for those sums expended by Plaintiffs on Plaintiffs' reasonable attorney fees to bring and prosecute this action.

WHEREFORE Plaintiffs pray for the Court to enter its orders in favor of Plaintiffs and against

Defendant(s), jointly and severally, in the following amounts:

I.      As sum of not less than $120,762.79, as and for those actual damages suffered by

        Plaintiff as a result of Defendant(s)' acts;

II.     The statutory sum of $1,000, as authorized pursuant to §1692(k) for Defendant(s)

        frequent and persistent acts;

III.    A sum sufficient to compensate Plaintiffs for Plaintiffs' reasonable attorney fees and

        costs associated with bringing this action;

IV.     Such other and further relief as the Court deems just and proper under the circumstances.


<u>COUNT II</u>
<u>Violations of the Fair Debt Collection Practices Act</u>
<u>15 U.S.C. §1692</u>
<u>Against Defendant Dynamic Recovery Services Inc.</u>

        COME NOW Plaintiffs and for their claims against Defendant Dynamic Recover Services,

Inc. (hereinafter "Dynamic"), pursuant to 15 U.S.C. §1692, alleging violations of the Fair Debt

Collection Practices Act (hereinafter "FDCPA") by Defendant(s) and in support Plaintiffs state

and allege as follows:

41.     Plaintiffs incorporate those statements and allegations contained in paragraphs 1 through

        40 as if the same were set out more fully herein.

42.     As set out more fully herein and above, Defendant named in this Count are "Debt

        Collector(s)" pursuant to <u>15 U.S.C. 1692(a)(6)</u>.

43.     As set out more fully herein and above, Plaintiff(s) are a "Consumer(s)" pursuant to <u>15</u>

        <u>U.S.C. 1692(a)(3)</u>.

44.     As set out more fully herein and above, this action concerns collection activity and

"communication(s)," <u>15 U.S.C. 1692(a)(2)</u> by Defendant directed at Plaintiff.

45.    As set out more fully herein and above, Defendant used false, deceptive and misleading

representations and means in connection with their collection activities and

communications directed at Plaintiff, to wit:

a.    In representing that all claims between Plaintiffs and Defendant would be settled

by Plaintiffs' remission of $798.69 to this defendant, this Defendant falsely

represented to Plaintiffs the character, amount and legal status of the debt owed

by Plaintiff, <u>§1692(e)(2)(A)</u>;

b.    Defendant's failure to accurately report Plaintiffs' payment of the debt and/or

Defendant's allowing the debt to proceed to judgment  is a false representation to

Plaintiffs concerning the services rendered and the compensation which may be

lawfully received, <u>§1692(e)(2)(B)</u>;

c.    Defendant is aware that Defendant's judgment is reported on Plaintiffs' credit

reports, and Defendant's filing of Defendant's judgment, or allowing the same to

be filed, when Defendant knew of the satisfaction of the debt, as well as

Defendant's failure and refusal to remove the same, all constitute a

communication and threat to communicate, by Defendant, information which is

known or should be known to be false, including Defendant's failure to

communicate that the debt is disputed, and remove Defendant's judgment,

<u>§1692(e)(2)(B)(8)</u>;

f.    Defendant's use and continued assertion of Defendant's judgment, as described

herein, is a false representation and creates a false impression as to the

authorization and approval of Defendant's judgment by the Court,

§1692(e)(2)(B)(9);

g.   The acts described herein and those other acts of Defendant toward Plaintiffs in Defendant's collection activities and communications to Plaintiffs all constitute the use of false representation(s) and deceptive means to collect or attempt to collect the debt of Plaintiffs, §1692(e)(2)(B)(10).

46.   As set out more fully herein and above, the natural consequences of Defendant's actions in connection with collection of the debt described herein, served to oppress and abuse Plaintiffs by damaging Plaintiff(s)' reputation, §1692(d)(1).

47.   Defendant's unfair and unconscionable and continued assertion of Defendant's unlawful judgment was not authorized by the agreement creating the debt or by law, §1692(f)(1).

48.   On information and belief, Defendant has committed similar acts in the past and Defendant persists in committing such unlawful acts.  Defendant's actions were committed with such malice and willful intent that the Court should impose the maximum damages allowed by law, §1692(k).

49.   As a direct and proximate result of Defendant's actions as described herein and above, Plaintiff has suffered actual damage of not less than $120,762.79;  Plaintiffs have suffered consequential damages in the nature of Plaintiffs' damaged credit, and Plaintiffs have suffered other special damages as set out herein and above.

50.   Plaintiffs have been forced to expend certain sums on reasonable attorney fees to bring the actions of Defendant before this Court and Plaintiffs are entitled to an award of against Defendant for those sums expended by Plaintiffs on Plaintiffs' reasonable attorney fees to bring and prosecute this action.

WHEREFORE Plaintiffs pray for the Court to enter its orders in favor of Plaintiffs and against

Defendant in the following amounts:

I.      As sum of not less than $120,762.79, as and for those actual damages suffered by

        Plaintiff as a result of Defendant's acts;

II.     The statutory sum of $1,000, as authorized pursuant to §1692(k) for Defendant's frequent

        and persistent acts;

III.    A sum sufficient to compensate Plaintiffs for Plaintiffs' reasonable attorney fees and

        costs associated with bringing this action;

IV.     Such other and further relief as the Court deems just and proper under the circumstances.

<u>COUNT III</u>
<u>Defamation</u>

        COME NOW Plaintiffs and for their claims against Defendant(s), alleging defamation of

Plaintiffs' character and reputation, and in support Plaintiffs state and allege as follows:

51.     Plaintiffs incorporate those statements and allegations contained in paragraphs 1 through

        50 as if the same were set out more fully herein.

52.     As set out more fully above Defendant(s) published certain statements concerning

        Plaintiffs, to wit:

        a.      Defendants Bibler and Newman and Defendant Billy Newman, pursued their

                claims against Plaintiffs at a time when these Defendants knew or should have

                known the same were untrue;

        b.      Defendants failed to correct their statements concerning Plaintiffs' financial

                status, which said failure acted to continue publication of information about

                Plaintiffs, which Defendants knew, or should have known, was untrue;

        c.      Likewise, Defendant Dynamic failed to report payments received by Defendant,

13

which said failure acted to continue publication of information about Plaintiffs, which Defendants knew, or should have known, was untrue;

53.   Defendant(s)' statement(s), as set out immediately above, were defamatory toward Plaintiffs' character, reputation and financial status.

54.   The defamatory statements, published by Defendant(s) all concerned and identified Plaintiff(s).

55.   The defamatory statements, described above, were false, to wit:

    a.   At the time when Defendant(s) Bibler and Newman, and Newman, published their statement(s) concerning Plaintiffs, Plaintiffs had corrected the indebtedness being alleged by these Defendant(s);

    b.   Further, Plaintiffs had contacted Defendant(s) Bibler and Newman, and Newman, and had informed these Defendants of Plaintiffs' corrected account;

    c.   Defendant(s) Bibler and Newman, and Newman identified that Defendants knew of the corrected account, but continued in their defamatory pursuit of Plaintiffs for additional sums to which Defendants were not entitled;

    d.   Likewise, Defendant Dynamic accepted payment from Plaintiffs with the promise that this payment would cease any further liability on the part of Plaintiff, knowing that this Defendant was not in a position to correct the statements being made about Plaintiffs, or failing to correct these statements.  As such, this Defendant continued in making statements concerning Plaintiffs' financial status, knowing these same statements were false.

56.   Defendant(s) possessed the requisite degree of fault, for defamation, in their publication(s) about Plaintiffs, to wit:

14

a.     Defendant(s) Bibler and Newman, and Newman continued to prosecute their claim(s) against Plaintiffs, knowing the same were already satisfied;

b.     In addition, Defendant(s) Bibler and Newman, and Newman admit that the same defamatory acts have been perpetrated on other clients of Defendant(s) Bibler and Newman, and Newman, yet Defendant(s) did nothing to correct the situation, but rather continued to pursue monies to which they knew they were not entitled;

c.     Defendant Dynamic used the proceedings being brought by Defendant(s) Bibler and Newman, and Newman, as a means of frightening Plaintiffs into settlement and as the negotiated consideration for settlement of claims against Plaintiffs, all while knowing that Defendant Dynamic was not a party to the same, and did not or could not affect the outcome of the proceedings;

d.     Defendant(s)' defamatory statement(s), as set out above, were committed with malice and willful intent.

57.    As set out more fully above, Defendant(s)' publication(s) of defamatory statements concerning Plaintiffs caused Plaintiffs actual damage to Plaintiffs' reputation.

58.    Defendant(s)' acts were committed with such malice and willful intent that this Court should award Plaintiff a sum sufficient to punish and deter Defendant(s) and those who are similarly situated from committing the same or similar acts.

59.    Plaintiffs were forced to expend certain sums on attorney fees to bring the actions of Defendant(s) before this Court and as such, Defendant(s) should be required to compensate Plaintiffs for their reasonable attorney fees.

WHEREFORE Plaintiffs pray for the Court to enter its orders in favor of Plaintiffs and against Defendant(s) in the following amounts:

15

I.      As sum of not less than $120,762.79, as and for those actual damages suffered by

        Plaintiff as a result of Defendant's acts;

II.     A sum sufficient to punish and deter Defendant(s) and those who are similarly situated

        from committing the same or similar acts;

III.    A sum sufficient to compensate Plaintiffs for Plaintiffs' reasonable attorney fees and

        costs associated with bringing this action;

IV.     For an order that Defendant(s) remove their judgment and cease and desist in their

        publication(s) against Plaintiffs;

V.      Such other equitable relief the Court deems just and proper under the circumstances;

VI.     Such other and further relief as the Court deems just and proper under the circumstances.

<u>COUNT IV</u>
<u>Tortious Interference with a Contract Right</u>

        COME NOW Plaintiffs and for their claims against Defendants, alleging Defendant(s)'

interference with Plaintiff's valid contract right(s), and in support, Plaintiffs state as follows:

60.     Plaintiffs incorporate those statements and allegations contained in paragraphs 1 through

        59 as if the same were set out more fully herein.

61.     As set out in more detail above, Plaintiffs were in the process of contracting for financing

        when Plaintiffs discovered Defendant(s)' improperly procured judgment.

62.     Plaintiff Teri McCammon informed Defendant(s) at every occasion that she could not

        afford to have any negative reports on her credit due to her attempts to finance the

        construction of her home, and Defendant(s) knew or should have known of Plaintiffs

        contract for financing.

63.     Defendant(s) intentionally procured the breach of Plaintiffs' financing contracts in an

16

attempt to improperly collect Defendant(s)' debts(s), to wit:

    a.    Defendant(s) Bibler and Newman, and Newman procured Defendant(s)' improper judgment against Plaintiff after Defendant(s) knew or should have known that Plaintiff had satisfied the judgment amount, all while knowing that the same would substantially disadvantage Plaintiffs' contract(s);

    b.    Defendant(s) Bibler and Newman, and Newman failed and refused and continue to fail and refuse to correct Defendant(s)' improper judgment after numerous contacts from Plaintiffs, informing Defendant(s) of the adverse effect of Defendant(s)' improper judgment on Plaintiffs' credit contracts;

    c.    Defendant Dynamic intentionally procured the breach of Plaintiffs' financing contract(s) by Defendant's failure to report Plaintiffs' payments and to have Defendant(s) suit dismissed, as was promised by Defendant Dynamic.

64.    Defendant(s) were not justified in their actions, described above, to wit:

    a.    Plaintiff denied Defendant(s) allegations concerning the outstanding sums due and owing by Plaintiff;

    b.    Plaintiff, under the duress of Defendant(s)' threats to adversely affect Plaintiffs' financing contract(s), agreed to pay Defendant(s);

    c.    Plaintiffs payed and Defendant(s) received payment for all of those sums justly asserted by Defendant(s);

    d.    Despite Plaintiffs' payment(s) and Defendant(s)' receipt of the same, Defendant(s) have continued to prosecute and publish their claims and improper judgment against Plaintiffs.

65.    Defendant(s)' intentional interference with Plaintiffs' contract right has cause Plaintiffs

17

actual damages in a sum not less than $120,762.79, in addition to consequential and special damages.

66.     Defendant(s)' acts were committed with such malice and willful intent that this Court should award Plaintiffs a sum sufficient to punish and deter Defendant(s) and those who are similarly situated from committing the same or similar acts.

67.     Plaintiffs were forced to expend certain sums on attorney fees to bring the actions of Defendant(s) before this Court and as such, Defendant(s) should be required to compensate Plaintiffs for their reasonable attorney fees.

WHEREFORE Plaintiffs pray for the Court to enter its orders in favor of Plaintiffs and against Defendant(s) in the following amounts:

I.      As sum of not less than $120,762.79, as and for those actual damages suffered by Plaintiff as a result of Defendant(s)' acts;

II.     A sum sufficient to punish and deter Defendant(s) and those who are similarly situated from committing the same or similar acts;

III.    A sum sufficient to compensate Plaintiffs for Plaintiffs' reasonable attorney fees and costs associated with bringing this action;

IV.     For an order that Defendant(s) remove their judgment and cease and desist in their wrongful prosecution of claim(s) against Plaintiffs;

V.      Such other equitable relief the Court deems just and proper under the circumstances;

VI.     Such other and further relief as the Court deems just and proper under the circumstances.

<u>COUNT V</u>
<u>Request for Enforcement of Settlement Agreement</u>

COME NOW Plaintiffs and for their request for enforcement of their settlement

18

agreement with Defendant(s), and Plaintiffs state and allege as follows:

68.   Plaintiffs incorporate those statements and allegations contained in paragraphs 1 through 67 as if the same were set out more fully herein.

69.   As set out above, Plaintiffs and Defendant(s) entered into a settlement agreement whereby Defendant(s) agreed to dismiss their claims against Plaintiffs in exchange for payment of certain sums by Plaintiffs to Defendant(s).

70.   Plaintiff fully performed in that Plaintiff payed all of those sums demanded by Defendant(s).

71.   Defendant(s) have failed and refused to perform in that subsequent to the parties settlement agreement, Defendant(s) continued in their pursuit of their claim(s) against Plaintiff, and even after being notified of the settlement agreement, Defendant(s) have failed and refused to remove their improper judgment.

72.   Justice and equity will be served by an order of the Court that Defendant(s) remove their judgment and discontinue their pursuit of the same.

73.   Defendant(s) breach of the parties settlement agreement has caused Plaintiffs actual damages of not less than $120,762.79 in addition to consequential and special damages.

74.   Justice and equity will be served by an order that Defendant(s) pay over to Plaintiffs a sum sufficient to compensate Plaintiffs for Plaintiffs' actual, consequential and special damages, which in no event is less $120,762.79.

75.   Plaintiffs were forced to expend certain sums on attorney fees to bring Defendant(s)' breach before this Court and as such, Defendant(s) should be required to compensate Plaintiffs for their reasonable attorney fees.

WHEREFORE Plaintiffs pray for the Court to enter its orders in favor of Plaintiffs and against

Defendant(s) in the following amounts:

I.      As sum of not less than $120,762.79, as and for those actual damages suffered by

        Plaintiff as a result of Defendant(s)' breach;

II.     A sum sufficient to compensate Plaintiffs for Plaintiffs' reasonable attorney fees and

        costs associated with bringing this action;

III.    For an order that Defendant(s) remove their judgment and cease and desist in their

        wrongful prosecution of claim(s) against Plaintiffs;

IV.     Such other equitable relief the Court deems just and proper under the circumstances;

V.      Such other and further relief as the Court deems just and proper under the circumstances.

                                    Respectfully submitted,

                                    LAW OFFICES OF
                                    JAMES A. KESSINGER, LC


                                    By:   /s/ Luke Demaree_____
                                        James A. Kessinger #16961
                                        Luke A. Demaree   #21072
                                        6812 N. Oak, Ste. One
                                        Kansas City, MO 64118
                                        Telephone: (816) 436-0707
                                        Fax: (816) 436-1380
                                    ATTORNEYS FOR PLAINTIFF

STATE OF MISSOURI          )
                           )ss
COUNTY OF CLAY             )


Now on this 2nd day of June, 2006, before me a notary public in the afore titled county and state, did personally appear, Teri McCammon, who was known to me or who did produce valid identification, and she swore upon her oath and signature that the statements and allegations in the attached Petition for damages are true and accurate to the best of her knowledge, information and belief.



___/s/ Teri McCammon_____            __06/02/06_____
Teri McCammon                                   Date



__/s/ Luke Demaree_____
Notary Public

Expiration: