IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Teri McCammon and**
**Corey McCammon,**

   **Plaintiffs,**

v.               Case No. 06-2242-JWL

**Bibler, Newman & Reynolds, P.A.**
**and Billy E. Newman,**

   **Defendants.**

## MEMORANDUM & ORDER

Plaintiffs filed suit against defendants asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and state law claims of defamation and tortious interference with contract. In September 2007, the court issued a memorandum and order resolving, among other things, defendants' motion for summary judgment on plaintiffs' claim for actual damages based on the *Rooker-Feldman* doctrine. *McCammon v. Bibler, Newman & Reynolds, P.A.*, ___ F. Supp. 2d ___, 2007 WL 2713368 (D. Kan. Sept. 18, 2007).[1] Construing the motion as a motion to dismiss for lack of subject matter jurisdiction, the court granted the motion to the extent plaintiffs' claim for actual damages is premised on the theory that Ms. McCammon's credit report was damaged as a result of the default judgment and denied the motion to the extent plaintiffs contend that Ms. McCammon's credit suffered as a result of some act of defendants as opposed to the entry of judgment itself. Defendants now move the

---

[1]The pertinent facts are set forth in that memorandum and order and, because the court assumes familiarity with those facts, will not be repeated here.

court to reconsider its order. The motion is denied.

In support of their motion, defendants contend that plaintiffs' claim for actual damages is premised entirely on the default judgment and that there is no evidence that Ms. McCammon's credit suffered as a result of anything other than the entry of the judgment. However, plaintiffs indicate, by way of example, that they suffered damages at least in part based on defendants' refusal to file a satisfaction of debt and to report to the credit reporting agencies that plaintiffs had satisfied the debt. According to plaintiffs, Ms. McCammon's credit rating would have improved (despite the presence of the judgment) if defendants had reported the debt satisfied. Plaintiffs, then, have articulated theories of recovery that are separate and apart from an attack on the state court judgment.

Defendants also raise certain arguments far beyond the scope of defendants' original motion–a motion that was limited to plaintiffs' claim for actual damages and application of the *Rooker-Feldman* doctrine. Specifically, defendants challenge the merits of Count V as set forth in the pretrial order and assert that plaintiffs cannot "establish the essential element of duty" to the extent plaintiffs are asserting a claim of negligence based on defendants' failure to take some action to remove the judgment from Ms. McCammon's credit report. These arguments are based on claims and allegations contained in the pretrial order which was entered before defendants filed their original motion. Because, then, these arguments could have been made at the time of the original motion but were not, the court will not address them at this juncture. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration is an inappropriate vehicle when the motion advances new arguments that could have been raised in

prior briefing).

Defendants' remaining arguments fail simply because they assume facts for which defendants have not provided any evidentiary support. Defendants assert that plaintiffs (despite their express contention in the pretrial order) are not claiming damages based on defendants' reporting the debt to the credit reporting agencies; that the "publication" referenced in plaintiffs' defamation claim is the default judgment; and that plaintiffs' tortious interference claim is based solely on the default judgment. Defendants have not identified any record evidence supporting defendants' construction of plaintiffs' claims. These arguments, then, are rejected.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion for reconsideration (doc. 119) is denied.

**IT IS SO ORDERED** this 22nd day of October, 2007.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge